US Bank N.A. v Moringiello (2025 NY Slip Op 01972)

US Bank N.A. v Moringiello

2025 NY Slip Op 01972

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-06386
 (Index No. 130014/12)

[*1]US Bank National Association, etc., respondent,
v
Vincenza Moringiello, appellant, et al., defendants.

Elio Forcina, Middle Village, NY, for appellant.
Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Vincenza Moringiello appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated May 26, 2023. The order, inter alia, denied those branches of that defendant's motion which were to vacate a judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against her.
ORDERED that the order is affirmed, with costs.
In or around January 2012, the plaintiff commenced this action to foreclose a mortgage against the defendant Vincenza Moringiello (hereinafter the defendant), among others. A judgment of foreclosure and sale was thereafter entered upon the defendant's default in opposing the plaintiff's motion for a judgment of foreclosure and sale.
In December 2019, the defendant moved, among other things, to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against her on the grounds, inter alia, that the plaintiff lacked standing and had committed a fraud upon the court. In an order dated May 26, 2023, the Supreme Court, among other things, denied those branches of the defendant's motion. The defendant appeals.
The Supreme Court properly denied those branches of the defendant's motion which were to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against her. The defendant failed to submit any evidence to establish that she was entitled to vacatur of the judgment of foreclosure and sale pursuant to CPLR 5015(a)(1) or (3) (see generally Chase Bank USA, N.A. v Laroche, 208 AD3d 845, 847; NYCTL 1998-2 Trust v DR 226 Holdings, LLC, 192 AD3d 900; Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 774).
The defendant's remaining contention is without merit.
LASALLE, P.J., FORD, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court